### FRANK E. JANDT V. SIOUX COUNTY.

#### FILED MARCH 8, 1905. No. 13,688.

**Taxation:** ASSESSMENT IN TWO COUNTIES.  Certain live stock in herds was removed on the 7th day of April from Sioux county, in which it had been situated for three years and where it was legally liable to be listed and assessed for taxation, to Box Butte county, in which it was listed and assessed improperly. The owner paid the taxes in Box Butte county. *Held,* That these facts do not relieve him from paying the tax properly and legally assessed in Sioux county.

ERROR to the district court for Sioux county: JAMES J. HARRINGTON, JUDGE.  *Affirmed.*

*J. E. Porter,* for plaintiff in error.

*M. J. O'Connell* and *W. H. Fanning, contra.*

LETTON, C.

This is an action brought to recover back taxes paid under protest. Frank E. Jandt was in 1898, and for some years previously, a ranchman living in Dawes county. In the spring of 1895 he was the owner of a herd of 146 horses, part of which he placed in the keeping of one Swinbank in Sioux county, and some with one Ashton in the same county, under agistment contracts which by their terms expired April 1, 1898. These horses were listed for taxation by each of their keepers in Sioux county for the years 1895, 1896 and 1897, and the taxes thereon paid by Jandt. About April 1, 1898, the agistment contracts having expired, the horses were rounded up, and on April 7, 1898, delivered to Jandt who immediately took them to Box Butte county, where he had other horses. They were kept in Box Butte county until some time in June, when they were delivered to Jandt in Dawes county, and in the same month again taken to Sioux county for a short time.  On April 11, 1898, the horses were listed

for assessment in Box Butte county by the agent of Jandt, in whose possession they then were. Some time after this the horses were listed for taxation in Sioux county by Swinbank and Ashton, and taxes levied against them in that county. Jandt paid the taxes levied and assessed upon the property in Box Butte county, without any knowledge or notice that the property had afterwards been listed in Sioux county. He afterwards paid under protest the taxes assessed against the property in Sioux county, and brought this action to recover the same. The district court found that the property was properly listed and assessed for taxation in Sioux county.

He contends that Swinbank and Ashton, who had been in possession of his property under the agistment contracts, had no authority to list the horses as his property after the 7th of April, when they delivered the property to him and the relation of principal and agent had ceased. He further contends that section 10, chapter 77, article I, Compiled Statutes, 1901, should be construed liberally, so that he should not be compelled to pay his taxes twice upon the same property, and further that section 20 of the same chapter applies, which provides that "in all cases that may arise under this chapter, as to the proper place to list personal * * * property, the place for listing and assessing should be determined and fixed by the county board; and when between different counties, or places in different counties, by the auditor of public accounts," and that the county cannot collect the tax until it has submitted the question to the state auditor. Section 10, *supra,* is as follows:

"Live stock in herds or not connected with a farm shall be listed or assessed in the county where such live stock may be on the first day of April of the year for which the property is required to be listed. For the purpose of assessment and taxation the live stock mentioned in this section shall be deemed to be at the place where the owner or keeper thereof shall have his ranch, provided such ranch shall be in this state."

The horses on the 1st of April, 1898, were in herds and not connected with a farm. The keepers thereof, Swinbank and Ashton, were ranchmen living in Sioux county, and the property had been in that county for three years. For the purpose of assessment and taxation the horses were deemed to be at the ranches or residences of Swinbank and Ashton in Sioux county on April 1, and were properly assessed in that county. Since they were not in Box Butte county on April 1 they were not taxable in that county. The fact that they were afterwards removed from Sioux county to another county in which taxes were improperly levied upon them does not affect the validity of the assessment in Sioux county. Further, it is entirely immaterial that the property was listed for taxation by Swinbank and Ashton after it had passed out of their keeping. If they had not so listed it, it would have been the duty of the respective precinct assessors to have ascertained the number and value of the horses upon April 1 and listed them for taxation of their own motion. It is unfortunate that the plaintiff was ignorant of the law, and paid his taxes in Box Butte county where the property was unlawfully listed and assessed. He was under no legal or moral obligation so to do, and the fact of his having done so furnishes no ground of defense against the enforcement of the taxes in a county where the property was properly and legally listed for assessment for taxation. A "liberal construction" of the law, such as he asks for, could not aid him, since in order to hold these taxes invalid it would be necessary to annul and not construe the statute.

We think that section 20 which provides how the place of listing shall be fixed where any question arises has no application to the present controversy. If at the time the assessment was made there had been a controversy between the two counties as to the listing of this property, it would have been proper to submit the matter to the auditor of public accounts for determination, but this not having been done the section has no application. The

language of section 10 is so clear in its application to the facts in this case that further discussion is unnecessary.

The district court was clearly right and its judgment should be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.